IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHERYL MAYER,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   No. 07 C 5408
                                   )
VILLAGE OF SOUTH HOLLAND,          )
                                   )
          Defendant.               )
-----------------------------------)
                                   )
ROGER HUGHES,                      )
                                   )
          Deponent.                )

## OPINION AND ORDER

Plaintiff Cheryl Mayer alleges that she applied for a firefighter-paramedic position with defendant Village of South Holland and was denied that position because of sex discrimination. She brings her suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

In the Complaint, plaintiff alleges:

> Plaintiff successfully completed the written test, the physical agility test, and an oral interview required by the Village of South Holland for employment as a firefighter-paramedic. Plaintiff believes that she also passed a background investigation and psychological and polygraphic examination.

Compl. ¶ 5.

In its answer, defendant responds: "Defendant admits that the plaintiff successfully completed the written examination, physical agility test and background investigation, but denies the remaining allegations in Paragraph 5." In discovery, defendant has disclosed a report from licensed psychologist Roger Hughes, Psy. D., that purports to summarize test results and which defendant represents was a basis for not hiring plaintiff because she did not successfully complete the psychological test.

Plaintiff followed up on this discovery by issuing a deposition subpoena to Hughes which also requests that he produce: "Any and all documents, including raw test data, test protocols, score sheets, notes, reports, billing invoices, telephone records, video or audio or other recordings of test sessions, rough drafts, letters, notes relating to the 'report of assessment' prepared by Public Personnel Institute on or about April 25, 2007 for the South Holland Fire Department pertaining to Cheryl R. Mayer." Hughes responded that Illinois law did not permit him to provide psychological test data directly to plaintiff or her counsel, but only to a licensed psychologist, which he would do as long as plaintiff provided an appropriate release.

Thereafter, plaintiff petitioned for a rule to show cause why Hughes should not be held in contempt for failing to comply

with the deposition subpoena. Hughes did not appear when the petition was presented in court. An order was entered requiring that Hughes appear for his deposition with the requested documents. Hughes then moved for a protective order limiting the test data to being provided to a psychologist and requiring that he be paid his customary fee of $300 per hour for appearing at and preparing for a deposition. That motion is now fully briefed.

Hughes invokes a provision of the Illinois Mental Health and Developmental Disabilities Confidentiality Act ("Confidentiality Act") which provides:

> Psychological test material whose disclosure would compromise the objectivity or fairness of the testing process may not be disclosed to anyone including the subject of the test and is not subject to disclosure in any administrative, judicial or legislative proceeding. However, any recipient who has been the subject of the psychological test shall have the right to have all records relating to that test disclosed to any psychologist designated by the recipient. Requests for such disclosure shall be in writing and shall comply with the requirements of subsection (b) of Section 5 of this Act.

740 ILCS 110/3(c).

In his reply, Hughes concedes that state evidentiary privileges such as this provision do not apply in federal cases that are before the court based on federal-question jurisdiction. Nevertheless, he urges the court to limit disclosures in this

case to avoid the possibility that he would be subject to licensing or other penalties for violating the Illinois statute.

The court is sympathetic to Hughes's desire to avoid violating Illinois law or place his license at risk. Still, the burden is on the party invoking a privilege to establish every element of the privilege in order to show that the privilege applies. See United States v. BDO Seidman, 337 F.3d 802, 811 (7th Cir. 2003); Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co., 221 F. Supp. 2d 874, 884-85 (N.D. Ill. 2002); Anderson v. Cornejo, 2001 WL 826878 *1 (N.D. Ill. July 20, 2001). Hughes provides no description of the test he performed nor does he make any attempt to show that the testing process would be compromised by any disclosure.

The statute does not define "psychological test material" which appears in the first sentence of § 3(c). It does define "records" which appears in the second sentence of this subsection. "'Record' means any record kept by a therapist or by an agency in the course of providing mental health . . . service to a recipient concerning the recipient and the services provided. . . . Record does not include the therapist's personal notes, if such notes are kept in the therapist's sole possession for his own personal use and are not disclosed to any other person, except the therapist's supervisor, consulting therapist or attorney." 740 ILCS 110/2. The statute defines "therapist"

as including "a . . . psychologist, . . . providing mental health
. . . services." Id. "'Mental health . . . services' or
'services' includes but is not limited to examination, diagnosis,
evaluation, treatment, training, pharmaceuticals, aftercare,
habilitation or rehabilitation." Psychological test materials
should be understood as tests related to providing mental health
services. Thus, for Hughes's test of plaintiff to qualify as a
psychological test, the test should have been for purposes of a
mental health examination, diagnosis, evaluation, treatment, or
training.

In McGreal v. Ostrov, 368 F.3d 657, 688 (7th Cir. 2004),
a police officer brought a state law claim that the
Confidentiality Act had been violated when his fitness for duty
report prepared by a psychologist was disclosed to F.O.P.
officials representing him on a grievance without plaintiff
having completed a proper consent form permitting the disclosure.
A necessary element of this claim was that the report was a
record covered by the Confidentiality Act. The Seventh Circuit
held that a psychologist's report of a mental health examination
determining a police officer's fitness for duty was a record
under the Confidentiality Act. Id at 688. "Under the
straightforward terms of the Act, Dr. Ostrov, who is a
psychologist, qualifies as a therapist; his examination,
evaluation and diagnosis of McGreal constitute mental health

services; McGreal is a recipient under the plain language; and Ostrov's resulting report is a covered record." Id.

In Karraker v. Rent-A-Center, Inc., 316 F. Supp. 2d 675 (C.D. Ill. 2004), aff'd in part, rev'd in part on other grounds, 411 F.3d 831 (7th Cir. 2005), defendant employer had required that applicants for management positions take nine written tests, including the Minnesota Multiphasic Personality Inventory I ("MMPI"). Id. at 677. The results of the MMPI, which included test scores, a narrative, and evaluation, were retained in employee personnel files. Id. at 683. Plaintiffs brought a state law claim contending that this violated requirements of the Confidentiality Act. The court granted summary judgment dismissing the claim, holding that the MMPI results were not a record under the Confidentiality Act. Id. at 682.

> The Plaintiffs again support this claim with the assertion that the MMPI is the most widely used test to determine adult psychopathologies. They argue that the narratives and recommendations accompanying the test scores are therapeutic in nature and so the MHDDCA [Confidentiality Act] should apply to RAC's actions.
> But again, after reading the statutory language, including the definitions, it becomes clear that the MHDDCA was not intended to cover mere personality tests. The MMPI as used here had nothing to do with providing mental health services as defined by the MHDDCA. Instead, the focus was on job-related personality characteristics. RAC is entitled to summary judgment on this claim.

Id.

Here, neither side provides sufficient information to determine whether the test given by Hughes was a psychological test as that term is used in the Confidentiality Act. The burden, though, was on Hughes as the one invoking a privilege. Since he has not shown that the test falls under the protection of the Confidentiality Act, there is no basis for providing protections against his risk of losing his license. But even if the test is a psychological test, there is another reason why the disclosure-to-another-psychologist requirement would not apply. Section 3(c) only prohibits disclosure of test materials that would compromise the test. Here, it would be appropriate to disclose the materials in accordance with a protective order that limits who will see the materials and prevents those persons from further disclosure. Under those circumstances, disclosure will not compromise the test.

Hughes will be required to disclose the materials within three weeks. In the meantime, the parties and Hughes shall act in good faith in preparing an appropriate protective order covering test materials and plaintiff's results. Assuming the parties agree on the terms, they may submit the draft protective order to the courtroom deputy. To the extent she has not already done so, plaintiff shall also give Hughes an appropriate consent form covering her own test results. It is assumed that Hughes

and the parties can agree to a mutually acceptable date and location for his deposition.

Still to be considered is Hughes's request that he be paid $300 per hour for his time spent responding to the subpoena, including both preparation time and appearing at the deposition. Plaintiff contends that Fed. R. Civ. P. 26(b)(4)(C) does not apply because neither side has designated Hughes as an expert witness. Plaintiff contends Hughes is limited to the $40 per day attendance fee provided in 28 U.S.C. § 1821(b). While acknowledging there is a split of authority, Hughes cites Hoover v. United States, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002),[1] for the proposition that fact witnesses who provide opinions should be compensated in accordance with Rule 26(b)(4)(C). Such cases, though, are focused on whether treating physicians should receive more than the $40 a day witness attendance fee. See McDermott v. FedEx Ground Sys., Inc., 247 F.R.D. 58 (D. Mass. 2007) (collecting cases and discussing the opposing views). Hughes is not a physician. While the rule could be extended to other experts, they would not have at least one of the supporting grounds, that "physicians provide invaluable services and should be remunerated for their time when prevented from delivering medical care," id. at 60, though they

---

[1] Hughes also cites Demar v. United States, 199 F.R.D. 617 (N.D. Ill. 2001), which takes the opposing view.

may be experts who provide other types of invaluable services. Even if higher compensation were to be the generally appropriate rule, the witness should not receive higher compensation for observation or other testimony not based on any expertise. See Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Prac. & Proc.: Civil 2d § 2034 at 469 (1994). This court declines to extend Rule 26(b)(4)(C) to the deposition of Hughes. For preparing for and appearing at his deposition, Hughes will be limited to receiving the $40 per day witness attendance fee and any appropriate expenses. If Hughes desires to receive compensation commensurate with what he is paid for his service and report for a client, he can ensure such payment by negotiating a contract provision with clients requiring that they provide specified compensation in the event that he is deposed or required to produce discovery documents in litigation related to the services he provides the clients. See, e.g., Threlkeld v. White Castle Sys., Inc., 180 F. Supp. 2d 985, 986-87 (N.D. Ill. 2002).

IT IS THEREFORE ORDERED that non-party Hughes's motion for protective order and for payment of reasonable witness fee [21] is denied. Within two weeks, plaintiff shall give Hughes an appropriate consent form. Within three weeks Hughes shall provide the documents requested in the deposition subpoena and shall appear at his deposition on a mutually agreeable date and

at a mutually agreeable location. Hughes and the parties shall act in good faith in negotiating terms of a proposed protective order.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: MAY 8, 2008